**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert B. COPELAND, Respondent.**

**No. OBAD 1028.
No. SCBD 3784.**

Supreme Court of Oklahoma.

Feb. 15, 1994.

Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Robert B. Copeland, Oklahoma City, for respondent.

SUMMERS, Justice.

The respondent/lawyer and the Bar Association agreed to stipulations of fact and law as well as discipline. The trial panel approved of the agreed discipline in the form of a private reprimand. On *de novo* review we decline to adopt the recommended discipline, issue instead a public reprimand, and order the respondent to pay costs.

Ms. W. sought legal advice from the respondent. She appeared at his office and explained that she desired to bring an action against her employer and certain co-employees. She stated that while at work she had a personal phone conversation, that her employer taped the conversation, and that certain employees later heard the taped conversation.

■ The respondent stated that Ms. W. wanted to file a sexual harassment lawsuit, but that he had advised her that her claim was groundless. The respondent stipulated that during this meeting he "approached Ms. W. from behind and purposefully touched Ms. W.'s breast asking if that was the type of conduct displayed by her co-workers." The respondent also stipulated that after this act he and Ms. W. discussed her marital status and general matters. On the other hand, it was also stipulated that if Ms. W. testified she would state that after she was touched the respondent related that sexual favors had been performed for him by another female client. In sum, everyone agrees that the touching took place, but there is a dispute as

to what the respondent and Ms. W. talked about afterwards.

 In *State ex rel. Oklahoma Bar Association v. Sopher*, 852 P.2d 707 (Okla.1993) we stated that "[t]aking advantage of the attorney-client relationship by making sexual advances accompanied by offensive touching is professional misconduct and will result in disciplinary action against the attorney when the matter is brought to the attention of this Court." *Id.* 852 P.2d at 710–711. An allegation of unprofessional conduct must be supported by clear and convincing evidence to warrant discipline. *State ex rel. Oklahoma Bar Association v. English*, 853 P.2d 173, 174 (Okla.1993); *State ex rel. Oklahoma Bar Association v. Gasaway*, 810 P.2d 826, 830 (Okla.1991). The evidence as stipulated is clear and convincing that the respondent's conduct was unprofessional. *State ex rel. Oklahoma Bar Association v. Sopher, supra.*

We conclude that a public, and not private, reprimand is the proper discipline on these facts. *State ex rel. Oklahoma Bar Association v. Sopher, supra.* We reprimand the respondent Robert B. Copeland and admonish him that such behavior is unprofessional conduct and is not condoned by this Court.

The Bar Association has filed a motion to assess costs in the amount of $217.12. The motion is granted. Respondent is ordered to pay costs in the amount of $217.12 within ninety days of the date this opinion is final.

LAVENDER, V.C.J., and HARGRAVE, OPALA, ALMA WILSON, KAUGER and WATT, JJ., concur.

SIMMS, J., disqualified.