2000 OK 4

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert L. FOSTER, Respondent.**

**No. SCBD–4401.**

Supreme Court of Oklahoma.

Jan. 18, 2000.

As Corrected Jan. 19, 2000.

---

### ORDER

¶ 1 On November 23, 1998, the complainant, Oklahoma Bar Association (Bar Association), charged the respondent, Robert L. Foster (attorney), with a single count of professional misconduct. The Bar Association alleged violation of Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and of Rule 8.4(b), Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A. All allegations relate to the attorney having entered a plea of *nolo contendre* on June 4, 1998, to the charge of assault with the intent to commit a felony and the imposition of a five-year deferred sentence. The information relating to the plea provides that the attorney unlawfully, wilfully, and feloniously

touched A.M., a minor child under the age of eighteen (18) years, with the intent to commit the felony of procuring obscene and indecent photographs in violation of 21 O.S. Supp. 1996 § 1021.2. On September 3, 1998, an order was entered deferring sentence until July 28, 2003. The only issue before the Court involves the respondent's viewing of the minor's breasts and inappropriate comments made to the minor following the incident.

¶ 2 On August 31, 1999, a hearing was held before the Professional Responsibility Tribunal (trial panel) at which the Bar Association and the attorney presented agreed findings of fact and conclusions of law with a recommendation that the attorney be privately reprimanded and that costs be imposed. The agreed facts and the testimony before the trial panel reveal that the incident giving rise to the criminal charges involved the attorney viewing A.M.'s breasts and subsequently making an inappropriate comment in which the attorney indicated to A.M. that she had nice breasts and that they should be photographed.[1] On September 30, 1999, the trial panel issued its findings of fact and conclusions of law endorsing the parties' agreed recommendation of discipline.

■■■ ¶ 3 Having reviewed the complaint, the response, the stipulations of law and of fact, the transcript of the proceeding, along with the trial panel's recommendation and the joint brief of the parties on appeal, we determine that:

---

1. In response to a question concerning what led up to the conduct at issue, the attorney explained that there had been a long running family friendship between A.M.'s parents, A.M. and the attorney. On the day of the incident, the attorney had taken A.M. and her sister for an outing. At some point in the evening, the attorney purchased, at A.M.'s request, a sports bra for the minor. The attorney was asked to explain his actions. The hearing transcript of August 31, 1999, provides in pertinent part at pp. 16–17:

   "... She [A.M.] got in the front seat with her sister and she decided she was going to put that sports bra on and in the meantime, I was trying to back out of the parking place she said stop, wait just a minute, I want to get on the back seat to try this on.... But she got in the back seat and I proceeded to back out and I don't know how—how they manage it, but some women can put on those articles of cloth-

ing without taking their—their blouse off. Well, she was trying to do that and while I was looking backwards, she was adjusting herself and then her breasts were exposed. She noticed that I had seen them. I said no word at all about that at that time. She was somewhat embarrassed about it and I felt it better not to say anything at that time ... We saw the movie Selena and then we went on to my house. This is about 11 o'clock when we got there and the girls decided that—after they had their ice cream and what have you, they decided they would go to bed because it was right after 11:00.

The I told the little girl, I said I'm sorry that I had accidentally viewed your breasts. I said those are not the only breasts I've ever seen, but I'm real sorry about it and I apologize and they were pretty. They should be photographed...."

1. The attorney committed acts of a sexual nature condemned by this Court as violations of the Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A and the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. See, *State ex rel. Oklahoma Bar Ass'n v. Copeland,* 1994 OK 21, ¶¶ 4–5, 870 P.2d 776 [Taking advantage of attorney-client relationship by offensively touching client warrants public reprimand.]; *State ex rel. Oklahoma Bar Ass'n v. Sopher,* 1993 OK 55, ¶ 14, 852 P.2d 707 [Uninvited sexual advance toward client warrants public reprimand.]. See also, *State ex rel. Oklahoma Bar Ass'n v. Miskovsky,* 1997 OK 55, ¶ 21, 938 P.2d 744 [Sixty day suspension imposed on attorney who showed no remorse for sexually explicit and inappropriate language with two women seeking legal advice in divorce cases.];

2. The only inappropriate behavior before the Court in this disciplinary proceeding involves the respondent's viewing of the minor's breasts and inappropriate comments made to the minor following the incident;

3. The Bar Association presented clear and convincing evidence of professional misconduct. Rule 6.12, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A; *State ex rel. Oklahoma Bar Ass'n v. Meek,* 1996 OK 119, ¶ 1, 927 P.2d 553; *State ex rel. Oklahoma Bar Ass'n v. Farrant,* 1994 OK 13, ¶ 1, 867 P.2d 1279; *State ex rel. Oklahoma Bar Ass'n v. Gasaway,* 1991 OK 33, ¶ 1, 810 P.2d 826;

4. The Court is not bound by agreed findings, conclusions of law or recommendations for discipline. *State ex rel. Oklahoma Bar Ass'n v. Wolfe,* 1997 OK 47, ¶ 14, 937 P.2d 988; *State ex rel. Oklahoma Bar Ass'n v. Leigh,* 1996 OK 37, ¶¶ 11–12, 914 P.2d 661;

5. Discipline may be imposed on an attorney acting outside of an attorney-client relationship. *State ex rel. Oklahoma Bar Ass'n v. Flanery,* 1993 OK 97, ¶ 19, 863 P.2d 1146; *State ex rel. Oklahoma Bar Ass'n v. Smith,* 1980 OK 126, ¶ 16, 615 P.2d 1014;

6. The trial panel's findings of fact, conclusions of law and recommendation provides in mitigation that the respondent: a) was admitted to the practice of law on October 17, 1950, and has had no previous disciplinary investigations commenced; b) has complied with all terms and conditions of his probation including the completion of a minimum of 25 hours of counseling; c) is a retired district judge and does not practice law; and d) freely admits his misconduct and accepts responsibility;

7. After a *de novo* review of the facts and matters offered in mitigation including the attorney's almost fifty years of practice without prior discipline, his service to the judiciary, his conduct following the entrance of his plea and in response to the complaint, and the fact that he no longer practices law, a public reprimand is the proper discipline; and

8. Discipline having been imposed, the Bar Association may recover the costs of prosecuting the complaint. Rule 6.12, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A; Rules 6.6, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

¶ 4 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT the respondent, Robert L. Foster, is reprimanded and admonished that his behavior constituted unprofessional conduct which will not be condoned by this Court. Costs of investigating and prosecuting the complaint in the amount of $194.42 are imposed.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 13th DAY OF JANUARY, 2000.

SUMMERS, C.J., LAVENDER, KAUGER, WATT, and BOUDREAU, JJ., concur.

HARGRAVE, V.C.J., with whom HODGES, J., joins, DISSENTING:

¶ 1 I would impose a more severe discipline.

OPALA, J., DISSENTING:

¶ 1 I would direct that respondent's fitness to practice law be inquired into in a full-scale adversarial hearing before the PRT panel.