2006 OK 50

STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Rhett Henry WILBURN, Respondent.

SCBD No. 5012.

Supreme Court of Oklahoma.

June 27, 2006.

Dan Murdock, General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Joseph R. Farris, Feldman, Franden, Woodard, Farris & Boudreaux, Tulsa, OK, for Respondent.

## OPINION

WATT, Chief Justice.

¶1 The Complainant, Oklahoma Bar Association (the Bar), filed a complaint on February 25, 2005, against Rhett Henry Wilburn, a licensed attorney in Oklahoma, pursuant to Rule 6, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A. The Bar alleged Wilburn was initially charged with two counts of felony sexual battery in Tulsa County.[1] Both female victims were employed as security guards at the Tulsa County Courthouse at the time of the incidents. Both counts were amended to charges of misdemeanor outraging public decency, to which Wilburn pled guilty on February 24, 2004. He received a one-year suspended sentence on each count to run concurrently. He was also given forty (40) hours of community service. The complaint alleged his conduct violated the mandatory provisions of Rule 8.4(b), Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch. 1, App. 3–A,[2] and Rule 1.3, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A.[3]

1. He was charged with "unlawfully, feloniously, willfully and intentionally lewdly touching the body of [L.M.], a person over the age of 16 years in a lewd and lascivious manner and without her consent by slapping her on the buttocks and pressing his body against her buttocks in a hunching motion." It is alleged that in the second count of the criminal information, Wilburn "unlawfully, feloniously, willfully and intentionally lewdly touching the body of [D.N.], a person over the age of 16 years in a lewd and lascivious manner and without her consent by striking her on her buttocks."

2. **Rule 8.4. Misconduct**
   It is professional misconduct for a lawyer to:
   . . .
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . .

3. **Rule 1.3. Discipline for acts contrary to prescribed standards of conduct**

¶2 The "Joint Stipulations of Fact and Agreed Conclusions of Law" (Stipulations), were included as an exhibit at the hearing conducted by the Professional Responsibility Tribunal (Trial Panel). All parties stipulated to the facts surrounding the criminal charges set out above that his conduct constituted professional misconduct and violated ORPC Rule 8.4(b) and RGDP Rule 1.3. It was also stipulated that Wilburn is responsible for the costs incurred for the investigative and disciplinary proceedings in this matter. An application for costs was filed by the Bar in the amount of $166.98.

## JURISDICTION AND STANDARD OF REVIEW

¶3 In disciplinary proceedings this Court acts as a licensing court in the exercise of our exclusive original jurisdiction. *State ex rel. Oklahoma Bar Association v. Garrett*, 2005 OK 91, 127 P.3d 600; *State ex rel. Oklahoma Bar Association v. Anderson*, 2005 OK 9, 109 P.3d 326; *State ex rel. Oklahoma Bar Association v. Taylor*, 2003 OK 56, 71 P.3d 18. We have a constitutional, nondelegable responsibility to decide whether misconduct has occurred and what discipline is appropriate. *Garrett*, 2005 OK 91, ¶3, 127 P.3d 600, 602; *Anderson*, 2005 OK 9, ¶15, 109 P.3d 326, 330. We exercise this responsibility, not for the purpose of punishing an attorney, but to assess his or her continued fitness to practice law, and to safeguard the interests of the public, the courts and the legal profession. *Garrett*, 2005 OK 91, ¶3, 127 P.3d 600, 602; *Taylor*, 2003 OK 56, ¶22, 71 P.3d 18, 29; *State of Oklahoma, ex rel. Oklahoma Bar Association v. Wagener*, 2005 OK 3, 107 P.3d 567.

¶4 Our review of the record is *de novo* in which we conduct a non-deferential, full-scale examination of all relevant facts; the recommendations of the Trial Panel are not binding on us, but are merely advisory. See *Anderson*, 2005 OK 9, ¶15, 109 P.3d 326, 330; *State ex rel. Oklahoma Bar Association v. Patmon*, 1998 OK 91, 975 P.2d 860; *Taylor*, 2003 OK 56, ¶2, 71 P.3d 18, 21. The record in this case consists of the Stipulations, the transcript of the February 28, 2006, hearing conducted by the Trial Panel, the exhibits admitted at the hearing and the "Report of the Professional Responsibility Tribunal," (Trial Panel Report). We have a responsibility to ensure the record is sufficient for a thorough inquiry into essential facts and for deciding the appropriate discipline. *Garrett*, 2005 OK 91, ¶4, 127 P.3d 600, 602; *State ex rel. Oklahoma Bar Association v. Adams*, 1995 OK 17, 895 P.2d 701. We find the record submitted in this proceeding is adequate for our review.

## FACTS

¶5 As stated above, the charges of two counts of felony sexual battery against Wilburn, were reduced to misdemeanor charges of outraging public decency to which he pled guilty. He received one-year suspended sentences on each count to run concurrently and was ordered to complete forty (40) hours of community service. Although he had the opportunity to "buy out" the hours, he completed them and has fully satisfied all terms and conditions of his probation. He has undergone counseling to learn appropriate behavior around females in public. He said he understands that he previously exercised bad judgment and has since corrected that behavior.

¶6 Wilburn testified his law practice required his presence at the courthouse on a regular basis. He said he saw the female security guards everyday and knew them quite well. He described his conduct with them as "horseplay", banter and joking, and, he did not, in fact, comprehend the specific incident about which the deputy sheriff pulled him aside in the courthouse. He admitted, however, that although there had been bantering back and forth for six months to a year, there had previously been no touching in the manner described in the com-

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

plaint. See footnote 1. He realizes his behavior was inappropriate with both women and stated it will not happen again. He stated "there is no excuse. And I apologize profusely for it." [4]

¶ 7 Wilburn testified that his judgment was not impaired due to the influence of drugs or alcohol, either before or at the time of either incident, or at the time he signed the Stipulations. He did not understand why he had to take the drug and alcohol assessment except for the fact his attorney advised him to do it, saying "we need to get this over with." He received a low rating on his drug and alcohol assessment, which indicated no drug addiction or problems with alcohol.

¶ 8 The Bar, through Mr. Murdock, told the Trial Panel there was no evidence of any drug or alcohol abuse either in the course of this investigation, or in the Tulsa County District Attorney's Office. He also told the Trial Panel that Wilburn and his attorney have fully cooperated in all aspects of the investigation. At the hearing Mr. Murdock recommended a public censure as appropriate discipline for Wilburn, but at the time of filing the brief-in-chief on behalf of the Bar, he changed the recommendation to a private reprimand.

### REPORT OF PROFESSIONAL RESPONSIBILITY TRIBUNAL

¶ 9 In addition to the above stated facts regarding the initial charges of sexual battery as to both women, the reduction of the charges to misdemeanors, the one-year suspended sentences to run concurrently, and the direction to complete 40 hours of community service, the Trial Panel found Wilburn had successfully completed all of the terms

4. Despite this acknowledgment, however, he also stated he did not know why they filed the charges. One of the women filed a civil suit against him. A settlement has been reached, and he is in the process of paying it.

5. Rule 6.12(c), RGDP, provides:
To warrant a finding against the respondent in a contested case, the charge or charges must be established by clear and convincing evidence, and at least two of the members of the Trial Panel must concur in the findings.

and conditions of his judgment and sentence. It also stated Wilburn had undertaken "other steps" to assure that the conduct upon which the Bar's complaint was made is not repeated. The Trial Panel further found the Bar had established by "clear and convincing evidence" [5] that Wilburn violated the mandatory provisions of Rule 8.4(b), ORPC, and Rule 1.3, RGDP, and that his conduct constituted grounds for professional discipline. The Trial Panel recommended a private reprimand as appropriate discipline.

### MITIGATION AND DISCIPLINE

■ ¶ 10 The evidence of Wilburn's misconduct supports the Stipulations of the parties and the Trial Panel that he committed violations of Rules 1.3, RGDP, and 8.4, ORPC. He admitted his actions and pled guilty to misdemeanor outraging public decency which violates ORPC Rule 8.4. Thus, RGDP 1.3 was also violated, as an act bringing discredit to the legal profession. The Bar, the Trial Panel and Wilburn have recommended a private reprimand as the appropriate discipline in this case. However, we find a public censure is the appropriate discipline.

■ ¶ 11 This Court has previously considered the proper discipline for lawyers accused of sexually inappropriate conduct with clients [6] and non-clients.[7] In addition to our consideration that appropriate discipline is imposed, not to punish the attorney, but to protect the interests of the public, the courts and the legal profession, we must also consider the deterrent effect upon both the offending respondent and other attorneys contemplating similar conduct. *Taylor*, 2003 OK 56, ¶ 22, 71 P.3d 18, 29.

6. *State ex rel. Oklahoma Bar Association v. Downes*, 2005 OK 33, 121 P.3d 1058; *State ex rel. Oklahoma Bar Association v. Anderson*, 2005 OK 9, 109 P.3d 326.

7. *State ex rel. Oklahoma Bar Association v. Garrett*, 2005 OK 91, 127 P.3d 600; *State ex rel. Oklahoma Bar Association v. Foster*, 2000 OK 4, 995 P.2d 1138.

¶ 12 We may consider mitigating circumstances when determining appropriate discipline. *Taylor,* 2003 OK 56, ¶ 22, 71 P.3d 18, 29. The basis of our decision to impose a public censure is not to punish Wilburn. We acknowledge he has had no previous grievances filed against him and that the Bar has publicly commended him and his attorney for their cooperation during this investigation. We also acknowledge that Wilburn has expressed his remorse for his conduct and stated it will not happen again. He has met all of the terms of his probation, including 40 hours of community service. Wilburn has also agreed to pay a monetary settlement to one of the women involved and is in the process of completing that obligation. He has attended counseling sessions to develop appropriate conduct around women in public. We acknowledge that no clients were harmed by Wilburn's actions.[8]

¶ 13 We are not persuaded that a private reprimand is the appropriate discipline to impose in this case. Wilburn testified his law practice required him to appear on a regular basis at the Tulsa County Courthouse. His actions against the security guards were done in a public government building where they could be observed by anyone present at the time. Wilburn committed these actions while appearing there in the capacity of a lawyer representing his client. He thus brought discredit to the legal profession. Indeed, it was necessary for the deputy sheriff to pull him outside a room to the hallway of the courthouse to ask him about the allegations. These acts committed in the confines of the Tulsa County Courthouse require a public reprimand. We believe this serves to protect the public and to advise other members of the Bar that inappropriate touching and sexually suggestive gestures and remarks will not be tolerated, regardless of whether they seem harmless, solicited or consensual.

¶ 14 Wilburn's citation to *State ex rel. Oklahoma Bar Association v. Miskovsky,* 1997 OK 55, 938 P.2d 744, as a reason to impose a private reprimand in this case for less egregious conduct, is rejected. A predatory pattern of unprofessional conduct was noted there, in addition to a lack of remorse, and a suspension of 60 days was ordered. *Miskovsky* is distinguishable factually to this case and is thus inapplicable. He also compares *Foster,* supra, to this case in support of his argument that a private reprimand is sufficient discipline. He contends a public censure was ordered therein because a minor was involved, implying it constituted a more serious violation than the present case. While we acknowledge the facts are distinguishable because a minor was involved, the offensive nature of Wilburn's actions are no less serious because his victims were over the age of sixteen years.

¶ 15 In our decision in *OBA v. Garrett,* supra, we note similar factual scenarios in which two non-client female victims filed complaints against the attorney which were charged initially as felonies. The charges were later reduced to misdemeanors with one-year suspended sentences in each, running concurrently. Both Respondent and Garrett showed remorse for their actions and vowed to make changes in their behavior. A public censure was ordered in *Garrett.* The element of alcohol abuse and its effect on Garrett's behavior around the two victims, however, persuaded us that additional discipline of a one-year probation was warranted, as well as directing him to attend Alcoholics Anonymous (AA) and Lawyers Helping Lawyers (LHL) meetings during that time. The probationary period and the directive to maintain ties with AA and LHL were intended to reinforce his efforts to maintain his sobriety and his resolve to conduct himself appropriately in public. The alcohol abuse is not present in this case, and the probationary period is unnecessary. However, the public censure is the proper discipline in this case.

### CONCLUSION

¶ 16 We reject the recommendation of the Bar and the Trial Panel to impose disciplinary proceeding and criminal conviction more difficult, we do not find these circumstances constitute "mitigation."

---

8. Although we are aware of circumstances, i.e., his cancer condition, his emergency appendectomy and the loss of his office sharing arrangement following his arrest, which have made this disciplinary proceeding and criminal conviction more difficult, we do not find these circumstances constitute "mitigation."

of a private reprimand. The Respondent, Rhett Henry Wilburn, is publicly censured for his conduct constituting violations of ORPC 8.4(b) and RGDP 1.3. Respondent is ordered to pay the costs incurred in this proceeding in the amount of $166.98 within ninety (90) days of the date of this opinion.

¶ 17 **PUBLICLY CENSURED; COSTS IMPOSED.**

WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, EDMONDSON, COLBERT, JJ., concur.

TAYLOR, J., Dissents.

I respectfully dissent. It is important to note that the record in this case shows that these charges were originally felony sexual battery counts. A plea agreement saw them reduced to misdemeanor status. Wilburn entered pleas of guilty to this outrageous conduct. This "outraging public decency" was committed *at the Tulsa County Courthouse* by a lawyer against two female courthouse security officers. This case presents issues that strongly affect public confidence in our legal system. In order to effectively safeguard the interests of the public, the courts and the legal profession, I would suspend Wilburn from the practice of law.