2010 OK 32

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Walter D. MURDOCK, Respondent.**

**SCBD No. 5542.**

Supreme Court of Oklahoma.

April 6, 2010.

Murray E. Abowitz, Special Prosecutor, Oklahoma Bar Association, Oklahoma City, OK, for the Complainant.

Charles F. Alden, III, Alden Leonard & Dabney, Oklahoma City, OK, for the Respondent.

HARGRAVE, J.

¶1 On June 24, 2009, the Oklahoma Bar Association (Bar) filed a complaint pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP) against Walter D. Murdock alleging violation of Rule 1.3 RGDP, 5 O.S.2001, Ch. 1, App. 1–A.[1] The complaint states that on June 28, 2008, Walter D. Murdock was involved in a situation which resulted in his ultimately entering an Alford plea to the misdemeanor charge of Outraging Public Decency, in violation of 21 O.S. § 22.[2] No additional facts were set forth in the complaint. At the hearing before the Trial Panel of the Professional Responsibility Tribunal, a certified copy of the criminal case filed in CF–2008–4350, *State of Oklahoma v. Walter D. Murdock*, was entered into evidence by the Complainant.[3]

¶2 Also entered into evidence as Complainant's exhibit 15 is an unsigned photocopy of the stipulations of the parties. The stipulations relevant to our inquiry are as follows: At the time of the matters in question, Walter D. Murdock was the General Counsel of the Oklahoma Bar Association. On June 28, 2008, Mr. Murdock was involved in a situation which resulted in him being charged with two counts of Sexual Battery in

---

1. **Rule 1.3, Discipline for acts contrary to prescribed standards of conduct:**

   The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

2. As stated by Respondent's lawyer at the hearing, an Alford plea admits that the evidence, if believed by a jury, is sufficient to convict him of the misdemeanor. Tr. p. 10–11. The text of 21 O.S. § 22 is set out in footnote 4.

3. The complainant's exhibit 1 reflects that the Respondent was charged on August 1, 2008 with two (2) felony counts of sexual battery in violation of 21 O.S. § 1123(B) The first count alleged that on June 28, 2008, the Respondent knowingly and intentionally bit and grabbed the body or private parts of K.S. in a lewd and lascivious manner and in a manner calculated to arouse and excite sexual interests and without the consent of K.S., to wit: by Walter D. Murdock biting the breast and grabbing the genital area of K.S. The second count alleged that on or about the 28th day of June, 2008, the Respondent knowingly and intentionally bit the body or private parts of K.S. in a lewd and lascivious manner and in a manner calculated to arouse and excite sexual interests and without the consent of K.S. to wit: by Walter D. Murdock biting the neck of K.S.

violation of 21 O.S. § 1123(D). The charges resulted in the filing of *State of Oklahoma v. Walter D. Murdock,* Case No. CF 2008–4350. At the request of the State of Oklahoma, one count of Sexual Battery was dismissed and Mr. Murdock entered an Alford plea on the other count, which was reduced to the misdemeanor of Outraging Public Decency, in violation of 21 O.S. § 22.[4] Mr. Murdock received a one-year suspended sentence and 50 hours of community service to be performed before October 8, 2009. Prior to this complaint, Mr. Murdock has never been the subject of any disciplinary proceedings before this Court. Complainant's Exhibit 1–13 are true and correct copies of the Oklahoma District Court files in Case No. CF 2008–4350. The Respondent admitted his Alford plea and conviction from the outset of this proceeding. Neither the allegations of the complaint nor the circumstances relating to the underlying Alford plea involved any attorney/client relationship or the funds and/or property of any client. Respondent has been forthright and cooperative with the Special Prosecutor in the investigation of this matter. Respondent has successfully completed the probation imposed by the District Court of Oklahoma County and he has met all financial and community service requirements imposed as a part thereof.

¶ 3 A hearing was held on November 9, 2009 before a three-person trial panel of the Professional Responsibility Tribunal. At the hearing, the special prosecutor for the Bar placed Mr. Murdock on the stand in order to testify as to the matters that are set out in the stipulations. The Respondent was the only witness called by the Complainant. Respondent's witnesses included a former federal judge, the director of the outreach ministry mentoring program where the Respondent volunteered, three members of the Oklahoma Bar Association and the Respondent's former assistant at the Oklahoma Bar Association. Each of the witnesses had known the Respondent personally for many years and each expressed the view that he was honest, conscientious, deeply humiliated and remorseful for what had occurred.

¶ 4 The Report of the Trial Panel filed with this Court found that on June 28, 2008, Walter D. Murdock was involved in a situation which resulted in him ultimately entering, on October 9, 2008, an Alford plea to the misdemeanor of Outraging Public Decency, in violation of 21 O.S. § 22. The Trial Panel found that the actions of the Respondent violated Rule 1.3 of the RGDP. No additional facts were set out. The Trial Panel found that Respondents's actions did not involve a client or an individual with whom the Respondent had any professional relationship.

¶ 5 The Trial Panel found that the Respondent admits the improper acts and accepts full responsibility for his actions, has been individually and professionally humiliated by his actions and shows genuine remorse for those actions. They found that the Respondent has, since the incident, entered an Alford plea to the misdemeanor charge, satisfied all probationary conditions associated with his plea, sought professional medical help, sought and participated in addiction treatment and counseling and assisted in the treatment of others with addictions. They found that the Respondent, in accordance with the probationary requirements of the State, completed more than the required 50 hours of community service, paid all costs, restitution and has completed a one-year suspended sentence supervised by the Office of the District Attorney of Oklahoma County. The Trial Panel found that the Respondent is highly competent to practice law and that he is a man of character, trustworthiness and professionalism and that the Respondent has had no previous disciplinary actions. The Trial Panel unanimously recommended that the Respondent should receive the discipline of private reprimand from this Court. The

4. 21 O.S. Supp.2007 § 22—**Gross injuries— Grossly disturbing peace—Openly outraging public decency—Injurious acts not expressly forbidden.**
Every person who willfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency, including but not limited to urination in a public place, and is injurious to public morals, although no punishment is expressly prescribed therefor by this code, is guilty of a misdemeanor.

Bar argues that the appropriate discipline is a public reprimand.

¶6 The recommendations of the Trial Panel are not binding on this Court. *State ex rel. Oklahoma Bar Ass'n v. Anderson,* 2005 OK 9, 109 P.3d 326, 330. Our review of the record is *de novo* in which we conduct a non-deferential, full-scale examination of all relevant facts. *Id.* We consider all of the evidence, without deference to the parties' stipulations, in order to determine if allegations of misconduct are established by clear and convincing evidence. *State ex rel. Oklahoma Bar Ass'n v. Taylor,* 2003 OK 56 ¶2, 71 P.3d 18, 21. In this case, the Respondent has admitted the inappropriate conduct.[5] The Respondent has also admitted that he violated Rule 1.3, RGDP.[6] This Court likewise finds the Respondent's conduct to be a violation of Rule 1.3, RGDP. It remains only then for this Court to determine the appropriate discipline.

¶7 We previously have considered the proper discipline for lawyers accused of sexually inappropriate conduct with clients and with non-clients. In *State ex rel. Oklahoma Bar Ass'n v. Sopher,* 1993 OK 55, 852 P.2d 707, we followed the recommendation of the Professional Responsibility Tribunal and imposed the discipline of public reprimand based upon stipulated facts. The parties had stipulated to recommended discipline of public reprimand. In that case, a woman formerly employed as a secretary for Sopher came to see him to discuss two legal matters and gave him a retainer. He looked down her blouse and then called her mother into his office and did the same thing to her. Sopher stated that he believed his conduct would not be offensive due to his previous acquaintance with the mother and daughter. In condemning such conduct we stated:

> "Taking advantage of the attorney-client relationship by making sexual advances accompanied by offensive touching is professional misconduct and will result in disciplinary action against the attorney when the matter is brought to the attention of this Court. Clients are in a vulnerable position. Exploiting the client for gratification of the attorney will not be tolerated by this Court . . ."

¶8 The attorney/client relationship was again involved in *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Copeland,* 1994 OK 21, 870 P.2d 776. There, upon stipulations of fact and law, the Trial Panel recommended the discipline of private reprimand. On *de novo* review we declined to adopt the recommended discipline and instead imposed the

---

5. The Respondent was questioned by Mr. Abowitz regarding the Alford plea:

Q: So you were in essence saying that if the district attorney presented that evidence with that individual and it was believed, that it was sufficient to convict you of outraging public decency? Is that the essence of the plea?
A: If believed by a jury, yes, sir.
Q: Are you here before this Tribunal today telling them you didn't do any of this?
A: No, sir, I did exactly what she said.
Q: Your point is it was consensual?
A: I believed it to be so, yes, sir, three hours before the police were told. . . .
Q: You have made restitution to the victim?
A: I was directed to pay $1500 by the district attorney and I did so. Tr. p. 46.
The Respondent was questioned by his attorney, Mr. Alden:
Q: All right. Now, the conduct in question in this case, there is no question about the fact that it happened, is there?
A: No, sir. Tr. p. 61.
Q: Now, is it accurate—is this an accurate statement? That you freely admit the misconduct in question and accept responsibility for your actions?

A: Yes, sir, I do. Tr. p. 70.
Q: And so to the extent it happened the allegation is not a false allegation, is it.
A: No sir, that's not false.
Q: All right.
A: The—my—I touched her. I did what she said. We left Suite 6 and went to Suite 3 and she voluntarily went with me. And what she says happened happened. Tr. pp. 74–75.

6. In the stipulations entered into evidence, the Respondent stipulated to the Alford plea but did not stipulate to a violation of the Rules Governing Disciplinary Proceedings. In his answer to the complaint, the Respondent denied that either the alleged incident or the resulting Alford plea rises to the level of a violation of the Rules Governing Disciplinary Proceedings alleged in the complaint. In his brief to this Court, however, the Respondent states that there has never been any question that he violated Rule 1.3 RGDP and that his conviction of the misdemeanor offense of outraging public decency and the circumstances underlying the same could reasonably be found to bring discredit upon the legal profession as proscribed thereby. Respondent's Brief in Chief, p. 8.

discipline of public reprimand. There, the client was seeking to bring a sexual harassment suit against her employer. The Respondent stipulated that he purposefully touched the client's breast, but said that he asked her if that was the kind of conduct displayed by her coworkers. It was also stipulated that if the client testified, she would state that after she was touched the Respondent related that sexual favors had been performed for him by another female client. We concluded that it was agreed that the touching took place, but that there was a dispute as to what the Respondent and the client talked about afterwards. We held that the evidence as stipulated was clear and convincing that the Respondent's conduct was unprofessional and that a public rather than private reprimand was the proper discipline upon those facts.[7]

¶ 9 The attorney/client relationship was not involved in *State ex rel. Oklahoma Bar Ass'n v. Foster*, 2000 OK 4, 995 P.2d 1138. In that case, the Respondent pled *nolo contendere* to the charge of assault with intent to commit a felony and a five-year deferred sentence was imposed. The Bar's complaint charged the respondent with a single count of professional misconduct for violating Rule 1.3 RGDP. The only issue before the Court involved the respondent's viewing of a minor child's breasts and inappropriate comments made to the minor following the incident, to wit: that she had nice breasts and that they should be photographed. At the hearing before the Trial Panel, the Bar and the attorney presented agreed findings of fact and conclusions of law with a recommendation of discipline of private reprimand. The trial panel issued its findings of facts and conclusions of law endorsing the parties' agreed recommendation of discipline. Upon *de novo* review we rejected the recommended discipline stating that the attorney had committed acts of a sexual nature condemned by this Court as in violation of the Rules of Professional Conduct and Rules Governing Disciplinary Proceedings. The attorney had been admitted to the Bar for almost fifty years and had no previous disciplinary investigations commenced. He had complied with all terms and conditions of his probation and was a retired district judge who did not practice law. He freely admitted his misconduct and accepted responsibility therefor. Considering his long years of practice without prior discipline, his service to the judiciary, his conduct following the entering of his plea and in response to the complaint and the fact that he no longer practiced law, we deemed a public reprimand to be the proper discipline to be imposed.

¶ 10 In *State ex rel. Oklahoma Bar Ass'n v. Garrett*, 2005 OK 91, 127 P.3d 600, the Bar's complaint described the accusations of sexual assaults made against Garrett by two women at different times and places. He was charged with two counts of felonious sexual battery, in violation of 21 O.S. Supp. 2002 § 1123(B). The two felony sexual battery charges were reduced to misdemeanor battery charges, to which Garrett pled guilty. Garrett received one-year suspended sentences on each count, to run concurrently, and additionally he was required to continue alcohol treatment while on probation. The complaint also addressed the chronic alcoholism from which Garrett had been suffering for a considerable period of time. Garrett contacted Lawyers Helping Lawyers Program and entered an inpatient treatment facility where he remained for 72 days. We considered all the evidence without deference to the parties' stipulations to determine if allegations of misconduct were established by clear and convincing evidence. We agreed with the Bar that Garrett's disregard for the persons of the two women, his criminal conduct and criminal convictions were clear and convincing evidence of violations of Rule 8.4(a) and (b) as well as Rule 1.3, RGDP. The parties stipulated and the Trial Panel recommended discipline of public censure and probation for one year subject to specific conditions. The overwhelming evidence indicated Garrett's problems stemmed from the abuse of alcohol. There was clear and con-

---

7. More severe discipline of suspension for sixty (60) days was imposed in *State ex rel. Oklahoma Bar Ass'n v. Miskovsky*, 1997 OK 55, 938 P.2d 744 where there was a pattern of behavior and a course of conduct on the part of the Respondent who used sexually explicit and inappropriate language on different occasions with two women seeking legal representation in divorce cases and who showed no remorse for his actions.

vincing evidence that his actions after arrest showed a commitment to maintaining sobriety and to making amends to his victims. We adopted the Trial Panel's recommendation of probation with conditions for one year, in addition to public censure.

¶ 11 In *State ex rel. Oklahoma Bar Ass'n v. Wilburn*, 2006 OK 50, 142 P.3d 420, the complaint filed by the Bar alleged that the attorney initially was charged with two counts of felony Sexual Battery and set out the details of the crimes charged. The criminal counts were amended to misdemeanor charges of Outraging Public Decency, to which the attorney pled guilty and received a one-year suspended sentence on each count, to run concurrently, and was given forty (40) hours of community service. The Bar alleged that the attorney's conduct violated Rule 8.4(b) of the Oklahoma Rules of Professional Conduct (ORPC) and Rule 1.3 RGDP. The attorney was charged with lewdly touching two female security guards at the Tulsa County Courthouse by slapping one guard on the buttocks and pressing his body against her buttocks in a hunching motion and by striking the buttocks of the second guard. The parties stipulated to the facts surrounding the criminal charges and that his conduct constituted professional misconduct and was a violation of Rule 8.4(b), ORPC, and Rule 1.3, RGDP. The Trial Panel and the Bar recommended to this Court that a private reprimand was the appropriate discipline to be imposed. In spite of the mitigating factors that Wilburn had no previous grievances filed against him, had cooperated during the investigation, had expressed remorse for his conduct, had agreed to pay a monetary settlement to one of the women involved and that no clients were harmed, we were not persuaded that a private reprimand was the appropriate discipline and instead imposed discipline of a public reprimand. We said that a public reprimand serves to protect the public and to advise other members of the Bar that inappropriate touching and sexually

suggestive gestures and remarks will not be tolerated, regardless of whether they seem harmless, solicited or consensual. Because no alcohol abuse was involved, there was no reason for a probationary period.

¶ 12 We may consider mitigating circumstances when determining appropriate discipline. *State ex rel. Oklahoma Bar Ass'n v. Wilburn*, 2006 OK 50, ¶ 12, 142 P.3d 420, 424. In the case at bar we take into account that the Respondent has no previous grievances or ethical complaints filed against him and that he has given years of service to the Oklahoma Bar Association. The Respondent has freely admitted that his conduct was inappropriate and he has expressed remorse and shame for the disrepute brought to the profession and has stated that it will not happen again. The Respondent has met all the terms of his probation and has paid restitution to the victim. Alcohol abuse or addiction was not alleged to be involved in the Respondent's conduct.[8] There was no attorney/client relationship involved.

¶ 13 The primary goals in imposing discipline for attorney misconduct are: preservation of public trust and confidence in the Bar by strict enforcement of the profession's integrity; protection of the public and the courts; and deterrence of like behavior by other members of the Bar. *State ex rel. Oklahoma Bar Ass'n v. Caldwell*, 1994 OK 57, 880 P.2d 349. Even when the subject attorney does not need such deterrent to prevent continued misconduct, this Court's interest in explaining its expectations of professional legal practice may necessitate a more public form of discipline than that offered by private reprimand. *State ex rel. Oklahoma Bar Ass'n v. Erickson*, 2001 OK 66, 29 P.3d 550.

¶ 14 Membership in the Bar is a privilege burdened with conditions. A fair private and professional character is one of

8. One of the conditions of probation was that the Respondent undergo alcohol assessment and follow any recommendations made. At the hearing, the Respondent was asked whether he had the alcohol assessment and the results of it. The Respondent answered that he did have the assessment and the results were that he "was fine."

Tr. p. 43. When questioned whether addiction or abuse was any part of the incident, the Respondent replied that it was not. Tr. p. 44. When asked whether he had been drinking that night, the Respondent replied, "I had had some drinks, yes." Tr. p. 67, and "I'd had a couple of glasses of wine." Tr. p. 78.

those conditions. Compliance with that condition is essential at the moment of admission and it is equally essential afterwards. *State ex rel Oklahoma Bar Ass'n v. Bradley*, 1987 OK 78, 746 P.2d 1130. In lawyer discipline matters this Court seeks to preserve the confidence of the public and the legal profession. Here, the Respondent's job as general counsel for the Oklahoma Bar Association was to preserve the confidence of the public in the legal profession by prosecuting those who violated the standards of the profession.

¶ 15 We are not persuaded that a private reprimand is the appropriate discipline to be imposed here. We find that the Bar has established by clear and convincing evidence that the Respondent's conduct violated Rule 1.3, RGDP, and that public censure is the appropriate discipline to be imposed.[9] The Respondent committed acts of a sexual nature that previously have been condemned by this Court as in violations of the Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings. See *State ex rel. Oklahoma Bar Ass'n v. Foster*, 2000 OK 4, 995 P.2d 1138, 1140. In *State ex rel. Oklahoma Bar Ass'n v. Wilburn*, 2006 OK 50 ¶ 13, 142 P.3d 420, 424, we stated that a public reprimand served to advise other members of the Bar that inappropriate touching and sexually suggestive gestures and remarks will not be tolerated, regardless of whether they seem harmless, solicited or consensual. The objectives of this Court in disciplining lawyers who have admitted inappropriate sexual contact would not be met by imposing discipline of private reprimand in this case. The public and other members of the Oklahoma Bar Association are advised that this Court will not tolerate such conduct by members of the Bar.

¶ 16 The Complainant has filed an application to assess the costs of this matter against the Respondent in the amount of $1,895.11. The Respondent filed a response in which he states that he has no objection to and agrees to pay the costs sought. The Respondent, Walter D. Murdock, is ordered to pay the costs of $1,895.11 within thirty (30) days of the date this opinion becomes final.

**THE RESPONDENT STANDS PUBLICLY CENSURED AND IS ORDERED TO PAY THE COSTS OF THE PROCEEDING.**

¶ 17 CONCUR: EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, WATT, WINCHESTER, COLBERT, REIF, JJ.

¶ 18 DISSENT: TAYLOR, (I WOULD SUSPEND RESPONDENT FROM THE PRACTICE OF LAW.), V.C.J.

---

9. Even when the parties stipulate to misconduct, the stipulations do not bind this Court because our duty is to review the evidence de novo to determine whether allegations of misconduct have been established by clear and convincing evidence. This requires a complete record to be made before the Professional Responsibility Tribunal. *State ex rel. Oklahoma Bar Ass'n v. Taylor*, 2003 OK 56 ¶ 2, 71 P.3d 18, 21.