2011 OK 71

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**John McPherson HAYES, Respondent.**

**SCBD No. 5646.**

Supreme Court of Oklahoma.

July 6, 2011.

Ted D. Rossier, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Steve Dobbs, Oklahoma City, Oklahoma, for Respondent.

COLBERT, V.C.J.

¶1 The Oklahoma Bar Association (Bar) filed a complaint against John McPherson Hayes (Hayes) pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP). Okla. Stat. tit. 5, ch. 1, app. 1–A (2001). The Bar alleged that Hayes violated Rule 8.4(b) of the Rules of Professional Conduct (RPC), Okla. Stat. tit. 5, ch. 1, app. 3–A (2001), and Rule 1.3 RGDP [1]. The parties submitted stipulations of facts and conclusions of law to a trial panel of the Professional Responsibilities Tribunal (PRT). The parties could not reach an agreed recommendation of discipline. The Bar requested discipline of a public reprimand, while Hayes requested a private reprimand. After a hearing, the PRT recommended that Hayes receive a private reprimand. We reject that recommendation and suspend Hayes from the practice of law for thirty days.

## FACTS

¶2 The record contains the complaint filed by the Bar, Hayes' response, the PRT's report, and the hearing transcript of the proceeding before the PRT which included the parties' stipulations and other evidence attached. The Bar filed its brief-in-chief and Hayes filed an answer brief. The Bar waived its opportunity to file a reply brief.

¶3 Hayes was initially charged with one felony count of assault with a dangerous weapon for allegedly hitting a man with his car. His criminal charges were reduced to a misdemeanor and he entered an Alford plea of guilty to assault and battery[2] on or about April 21, 2010. Hayes received a suspended sentence of ninety days.

¶4 In December of 2004, Hayes discovered that his wife, now ex-wife, had stolen more than two hundred thousand dollars from his clients' trust account. While he and his ex-wife were separated, Hayes discovered that she was involved with another man, Jerry Adams (Adams). Hayes testified that he made contact with Adams via a social networking site regarding Adams' relationship with the former Mrs. Hayes. Adams confirmed that he and Hayes' ex-wife were in an ongoing relationship. Hayes claimed that initially correspondence between him and Adams was cordial; however, things began to deteriorate when he asked Adams to pay to have Hayes' car removed from impound. Hayes made this request because he claims that Adams offered to pay back the money that Hayes' ex-wife had stolen.

¶5 Over the course of several months, relations between Hayes, Adams, and Hayes' ex-wife became extremely turbulent. From March 2008 through April 2008, several Petitions for Victim Protection Orders were filed against Hayes by his ex-wife, his ex-wife's mother, and Adams. The emails and text messages between Hayes and Adams grew more inappropriate, vile, and abusive. The general harassment by all parties involved continued over the course of several months.

¶6 On or about April 24, 2008, Hayes and Adams had a heated discussion regarding the divorce proceedings between Hayes and his ex-wife. As a result of this argument, Hayes

---

1. The text of those rules are:
   It is professional misconduct for a lawyer to:
   . . . .
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects
   Okla. Stat. tit. 5, ch. 1, app. 3–A, Rule 8.4(b).
   The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.
   Okla. Stat. tit. 5, ch. 1, app. 1–A, Rule 1.3.

2. The statutes define assault as:
   An assault is any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another.
   Okla. Stat. tit. 21, ch. 20, § 641.
   The statutes define battery as:
   A battery is any willful and unlawful use of force or violence upon the person of another.
   Okla. Stat. tit. 21, ch. 20, § 642.
   The statute states that the punishment for committing assault and battery is:
   B. Assault and battery shall be punishable by imprisonment in a county jail not exceeding ninety (90) days, or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.
   Okla. Stat. tit. 21, ch. 20, § 644(B).

went to Adams' job to antagonize him. Specifically, Hayes placed on Adams' windshield a posterboard size copy of an explicit text message that Adams allegedly sent to Hayes on a prior occasion. After placing the posterboard on Adams' car, Hayes called Adams at work and reported his actions. Adams immediately went to the parking lot to check on his car. Hayes, now back in his vehicle, was heading towards the exit. The record reveals that Adams was injured as he approached his vehicle. The parties concede that an argument ensued between Hayes and Adams, but the parties dispute the circumstances surrounding Adams' injury. Adams claimed that Hayes hit him with his car and called the police. Hayes denied this allegation. Hayes was arrested and charged with felony assault with a dangerous weapon.

## STANDARD OF REVIEW

¶ 7 "This Court has original and exclusive jurisdiction over all matters having to do with the admission or discipline of persons admitted to the practice of law in Oklahoma." *State ex rel. Okla. Bar Ass'n v. Allford*, 2006 OK 85, ¶ 2, 152 P.3d 190, 191. "Our review of the record is *de novo* in which we conduct a non-deferential, full-scale examination of all relevant facts; the recommendations of the Trial Panel are not binding on us, but are merely advisory." *State ex rel. Okla. Bar Ass'n v. Wilburn*, 2006 OK 50, ¶ 4, 142 P.3d 420, 422.

¶ 8 This Court has a "nondelegable responsibility" to determine whether a violation of the rules has occurred and determine the appropriate level of discipline. *Id.*, ¶ 3, 142 P.3d at 422. "To discharge this responsibility, we must re-examine the record and assess the weight and credibility of the evidence to determine whether the attorney's misconduct is established by clear and convincing evidence. If it is, we must impose the appropriate discipline." *Allford*, 2006 OK 85, ¶ 3, 152 P.3d at 191 (citation omitted).

## DISCUSSION

¶ 9 The Bar has alleged that Hayes violated Rule 8.4(b) RPC, addressing misconduct that reflects adversely on the profession and Rule 1.3 RGDP, addressing lawyers committing acts that are contrary to the prescribed standards of conduct. Hayes denies a violation of these rules. We find that Hayes has violated Rules 8.4(b) and 1.3.

¶ 10 The stipulations set forth three items for this Court's consideration as matters in mitigation of the charges: (1) Hayes has been practicing law in Oklahoma for more than ten years; (2) Hayes has not been disciplined by this Court prior to this matter;[3] and (3) Hayes has cooperated with the Office of the General Counsel in the investigation of this matter. This Court also notes that Hayes has completed approximately ninety-four hours of psychological therapy sessions and has voluntarily completed a thirteen week anger management course. Hayes has successfully completed the terms of his suspended sentence. Also, Hayes has expressed regret that his actions could be construed negatively on the legal profession and admits that his actions were unbecoming, immature, and irresponsible.

¶ 11 "When assessing discipline for professional misconduct, the paramount goal of this Court is to preserve and maintain public confidence in this Court and the bar as a whole." *State ex rel. Okla. Bar Ass'n v. Askins*, 1993 OK 78, ¶ 25, 882 P.2d 1054, 1057. "A lawyer's misconduct adversely reflects on the entire legal profession, evidencing a lack of commitment to the lawyer's client and a disregard for the court's expectations and the ideals of the profession." *State ex rel. Okla. Bar Ass'n v. Wallace*, 1998 OK 65, ¶ 28, 961 P.2d 818, 827. In imposing discipline on an attorney this Court's objective is not to punish the attorney but to "protect the interests of the public, the courts and the legal profession". *Wilburn*,

---

**3.** At his hearing with the PRT, Hayes testified that he received a "private reprimand" from the Bar several years ago. It was in reference to a case in which the expert witness he was using passed away. He stated he explained to the client that he would not be able to proceed with the case without an expert witness, thus he dismissed the case without prejudice. The client reported him to the Bar and in investigating the matter there was a dispute as to what the client was or was not told. In the end, Hayes received a private reprimand from the Bar.

2006 OK 50, ¶ 11, 142 P.3d at 423. Discipline is also to serve as a deterrent to the offending attorney and others who might be contemplating similar conduct. *Id.*

¶ 12 "We have a constitutional, non-delegable responsibility to decide whether misconduct has occurred and what discipline is appropriate." *State ex rel. Okla. Bar Ass'n v. Garrett,* 2005 OK 91, ¶ 3, 127 P.3d 600, 602 (citing *State ex rel. Okla. Bar Ass'n v. Anderson,* 2005 OK 9, ¶ 15, 109 P.3d 326, 330). Each case of attorney discipline is unique with its own circumstances and transgressions. However, this Court will look to its previous decisions in similar instances for guidance. This Court has given various levels of discipline to offending attorneys involving a misdemeanor crime. Often times the crime is of a sexual nature, sometimes alcohol or drugs are involved, and the offending attorney pleads guilty to a misdemeanor in lieu of a felony charge. For instance, in *Wilburn,* 2006 OK 50, 142 P.3d 420, Wilburn was initially charged with two counts of felony sexual battery for fondling two female security guards at the Tulsa County Courthouse. Both counts were reduced to charges of misdemeanor outraging public decency. He pled guilty to both counts and was publically censured by this Court. Also, in *Garrett,* 2005 OK 91, 127 P.3d 600, Garrett was charged with two counts of felonious sexual battery for sexually assaulting two women, at different times, while intoxicated. The charges were reduced to misdemeanor battery charges to which he pled guilty. Garrett was publically censured and put on probation for one year. In *State ex rel. Okla. Bar Ass'n v. Murdock,* 2010 OK 32, 236 P.3d 107, Murdock was charged with two counts of sexual battery. One count was dismissed and attorney entered an Alford plea on the second count. The second count was reduced to the misdemeanor of outraging public decency. He was publically censured. Hayes' conduct was not the result of overindulging in alcohol or drugs; nor did it involve any sexual misconduct. However, Hayes' behavior was childish, irresponsible, and unbecoming of an attorney; thus, warranting discipline.

¶ 13 Hayes' altercation with Adams did not involve any attorney/client relationships. This Court has previously held that "[d]iscipline may be imposed on an attorney acting outside of an attorney-client relationship." *State ex rel. Okla. Bar Ass'n v. Foster,* 2000 OK 4, ¶ 3, 995 P.2d 1138, 1140. However, Hayes' conduct still rose to the level of criminal conduct. "Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category." Okla. Stat. tit. 5, ch. 1, app. 3–A, Rule 8.4 cmt. 2. Thus, Hayes can still be subject to discipline for his actions.

¶ 14 This Court is disturbed by Hayes' extreme lack of judgment in handling the situation with Adams. Hayes expressed regret that his actions *could be* interpreted negatively towards the legal profession. An attorney involved in a public altercation *will* undoubtedly be interpreted negatively towards the legal profession. "Membership in the Bar is a privilege burdened with conditions. A fair private and professional character is one of those conditions. Compliance with that condition is essential at the moment of admission and it is equally essential afterwards." *Murdock,* 2010 OK 32, ¶ 14, 236 P.3d at 113–114. Thus, discipline in this situation is appropriate to protect the public and "to advise other members of the Bar that inappropriate [behavior] regardless of whether [it] seem[s] harmless, solicited [, the result of uncontrollable rage] or consensual" is not acceptable behavior. *Wilburn,* 2006 OK 50, ¶ 13, 142 P.3d at 424.

## CONCLUSION

¶ 15 We find that the Bar has established by clear and convincing evidence that Hayes' conduct violated Rules 8.4(b) and Rule 1.3. "Given the goals of discipline to protect the public, to protect the courts, to preserve the integrity of the bar, and to deter misconduct by both the lawyer being disciplined and other members of the bar," we reject the Bar's recommendation for discipline of a pub-

lic censure. *State ex rel. Okla. Bar Ass'n v. Sheridan,* 2003 OK 80, ¶ 46, 84 P.3d 710, 719. We also reject the PRT's recommendation and Hayes' request for a private reprimand. We find that the appropriate discipline is a thirty day suspension from the practice of law. Hayes is also ordered to pay costs of $527.85 within ninety days of the effective date of this opinion. Rule 6.16 of the Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch. 1, app. 1–A (2001).

RESPONDENT IS SUSPENDED FOR THIRTY DAYS AND DIRECTED TO PAY THE COSTS OF THIS PROCEEDING.

CONCUR: TAYLOR, C.J.; COLBERT, V.C.J.; WINCHESTER, REIF, COMBS, JJ.

CONCUR IN PART; DISSENT IN PART: KAUGER, WATT, EDMONDSON, GURICH, JJ.

GURICH, J., with whom KAUGER, WATT, EDMONDSON, JJ. join, concur in part; dissent in part.

I would adopt the recommendation of the PRT.