2011 OK 54

**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Gray Moore STRICKLAND, Respondent.**

**SCBD No. 5664.**

Supreme Court of Oklahoma.

June 14, 2011.

---

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Paul H. Wilkening, Tulsa, Oklahoma, for Respondent.

REIF, J.:

¶ 1 On July 25, 2010, the Oklahoma Bar Association, acting through the Chairman of the Professional Responsibility Commission and the First Assistant General Counsel, filed a complaint against Respondent, attorney Gray Moore Strickland, pursuant to Rule 6, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A. The complaint alleged that Respondent was charged on June 23, 2009, with the federal misdemeanor offense of failing to file an individual income tax return for the year 2003. This charge was filed in the United States District Court for the Northern District of Oklahoma. The complaint further alleged that Respondent entered a plea of guilty to this charge on September 2, 2009 and was sentenced to five years supervised probation as well as payment of $64,729.36 in restitution to the United States Internal Revenue Service. The complaint asserted that this conduct violated Rule 1.3, RGDP, 5 O.S.2001,

Ch. 1, App. 1–A, and Rule 8.4(b), Rules of Professional Conduct (RPC), 5 O.S. Supp. 2008, Ch. 1, App. 3–A, and sought the imposition of discipline for such misconduct as the Supreme Court finds equitable and proper.

¶ 2 On September 30, 2010, a panel of the Professional Responsibility Tribunal (PRT) heard evidence concerning the allegations in the complaint as well as evidence bearing on appropriate discipline. Respondent testified before the PRT and called six witnesses to support his claim that he possessed good moral character and professional competence to continue practicing law. The Oklahoma Bar Association and Respondent joined in presenting 30 exhibits to aid the PRT, along with stipulations regarding mitigating factors. In this latter regard, the parties stipulated that Respondent (1) had not been subject to any prior discipline and was otherwise in good standing since his admission October 21,1987, (2) had accepted full responsibility for his conduct in the course of his guilty plea and in the disciplinary process, (3) had expressed sincere remorse for the harm his actions have brought to the legal profession and the Oklahoma Bar Association, and (4) had taken remedial steps to correct his deficient business management skills to ensure future tax obligations would be timely fulfilled.

¶ 3 At the conclusion of the hearing, the PRT issued its report, basically finding that the allegations in the complaint had been proven, that the misconduct did not involve a client or an individual with whom Respondent had a professional relationship, that Respondent was "highly competent to practice law, and [was] a man of character, trustworthiness, and professionalism," and (without expressly saying so) that continuing to practice was necessary to help Respondent meet the restitution condition of his sentence. Two members of the PRT recommended public censure and one member recommended private reprimand.

¶ 4 In its brief to this Court, the Oklahoma Bar Association argues that public censure is the appropriate discipline, while Respondent urges this Court to issue a private reprimand. For the reasons that follow, we find public censure to be the appropriate discipline in the case at hand.

■■■ ¶ 5 The recommendations of the PRT are not binding on this Court, but are merely advisory. *State of Oklahoma ex rel. Oklahoma Bar Association v. Wilburn,* 2006 OK 50, ¶ 4, 142 P.3d 420, 422. In disciplinary proceedings, this Court acts as a licensing court in exercise of our exclusive jurisdiction. *Id.* at ¶ 3, 142 P.3d at 422. We have a constitutional, nondelegable responsibility to decide whether misconduct has occurred and what discipline is appropriate. *Id.* We exercise this responsibility, not for the purpose of punishing an attorney, but to assess his or her continued fitness to practice law, and to safeguard the interests of the public, the courts and the legal profession. *Id.* Our review of the record is de novo in which we conduct a nondeferential, full-scale examination of all relevant facts. *Id.*

¶ 6 Upon de novo review, we reach the same conclusion as the PRT that Respondent's guilty plea and sentence for willful failure to file an income tax return for 2003 provide clear and convincing evidence of a violation of Rule 1.3, RGDP, and Rule 8.4(b), RPC. We also reach the same conclusion that the appropriate discipline for such misconduct should be something less than the suspension of Respondent's license to practice law. In particular, we find the record supports the PRT's assessment of Respondent as "highly competent to practice law, and ... a man of character, trustworthiness and professionalism." In addition, suspension of his license would impose an undue financial hardship and impair his ability to fulfill the obligation to make $65,000 in restitution.

¶ 7 As with the PRT, the difficult task for this Court is to determine whether public censure or private reprimand is the more appropriate discipline. At first glance, public censure by published opinion may appear to be a harsh, if not punitive, discipline for conviction of a single misdemeanor charge of failing to file a tax return for a single year, particularly in view of the parties' joint stipulations regarding mitigating factors. However, our "full-scale examination of all relevant facts" in the record reflects that Respondent

had a deeper and more serious tax problem than just a single year.

¶ 8 In the written plea agreement with the United States Attorney, the Respondent stipulated that (1) the total tax loss, including conduct relevant to the charge, was $145,892.36 and (2) this amount included both individual tax liability and employment tax liability for the period 2001 through 2007. At the sentencing hearing, the Assistant United States Attorney objected to the court granting a variance from incarceration under the federal sentencing guidelines. In doing so, he informed the court that "the bulk of the money here, $125,000, was payroll taxes—taxes for Social Security, withholding for income taxes … money that belongs to the United States, belongs to Social Security trust fund, belongs to the withholding accounts for individual employees." The Assistant United States Attorney characterized Respondent's failure to pay over these funds as a type of embezzlement.

¶ 9 He also pointed out that Respondent had a prior history of not filing tax returns from 1991 to 1995. The Assistant United States Attorney concluded by observing that Respondent "just doesn't seem to understand he has to play by the rules, and if there is anybody that should understand they have to play by the rules, it should be an attorney." We agree.

¶ 10 We find that the following observation by the sentencing judge aptly sums up our reasons for imposing public censure is in this case: "[T]his is a serious offense. We have to promote respect for the law [because] our tax system depends on voluntary compliance and, if it seemed that someone who does not file their tax return bears no [consequence], then that's not going to deter, help deter other folks from following in that path." In addition, this Court has said, "By wilfully failing to file [his] tax returns, a lawyer appears to the public to be placing himself above the law." *State of Oklahoma ex rel. Oklahoma Bar Association v. Gann*, 1995 OK 48, ¶ 2, 895 P.2d 726, 727 (citation omitted). In *Gann*, this Court determined public censure was the appropriate discipline for an attorney with a similar criminal prosecution for failing to pay taxes.

¶ 11 In the final analysis, we enter a public censure in this case "not for the purpose of punishing [this] attorney, but … to safeguard the interests of the public, the courts and the legal profession." *Wilburn*, 2006 OK 50, ¶ 3, 142 P.3d at 422 (citations omitted). We believe Respondent's hard learned lesson from failing to fulfill tax obligations will deter other lawyers from following in that path.

¶ 12 Respondent, Gray Moore Strickland, is publicly censured for conduct that we have determined to violate Rule 1.3, RGDP and Rule 8.4(b), RPC. He is ordered to pay the costs incurred in this proceeding in the amount of $1,009.89 within ninety (90) days of the date of this opinion.

**RESPONDENT PUBLICLY CENSURED; COSTS IMPOSED.**

¶ 13 ALL JUSTICES CONCUR.