2013 OK 21

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Gray M. STRICKLAND, Respondent.**

**SCBD No. 5981, OBAD No. 1952.**

Supreme Court of Oklahoma.

April 2, 2013.

### ORDER APPROVING RESIGNATION.

¶ 1 On March 13, 2013, the Oklahoma Bar Association (Bar Association), notified the Court that the respondent, Gray M. Strickland (Attorney/respondent), had resigned from the Oklahoma Bar Association pending disciplinary proceedings. The disciplinary proceedings relate to: misappropriation of client funds; failure to provide accounting of settlement funds, paid attorney fees from funds without client's knowledge or consent,

and endorsing a client's signature without authorization.

¶ 2 THE COURT FINDS:

1. The respondent has voluntarily resigned from the Oklahoma Bar Association by complying with Rule 8.1 and Rule 8.2, Rules Governing Disciplinary Proceedings, 5 O.S. Supp.2008 Ch. 1, App. 1–A.

The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

2. The respondent states that he is aware of the following grievances against him: *DC 12–01: Grievance by Edgar Miller:* regarding allegations I failed to promptly provide my client with an accounting of settlement funds and paid my attorney fees from said funds without my client's knowledge or consent. Said grievance also alleges I endorsed my client's signature on the settlement check without his authorization.

DC 12–127: Grievance by Russell Abbott: regarding allegations that on December 30, 2009, I received $85,000.00 on behalf of Schindler Elevator Corporation and failed to promptly account for or remit funds due my client and certain third parties. Said grievance further alleges I misappropriated said funds for my own personal use.

3. The respondent states in his affidavit of resignation that he is aware that the allegations of conduct, if proven, would be a violation of Rules 1.5, 1.15, 1.16(d), 8.1(b), and 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. Supp.2008, Ch. 1, App. 3–A and Rules 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. Supp.2008, Ch. 1, App. 1–A and of his oath as an attorney.

4. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Supp.2008, Ch. 1, App. 1–A and it should be approved.

5. The official roster address of the respondent as shown by the Oklahoma Bar Association is: Gray M. Strickland, 624 S. Denver Avenue, Suite 300, Tulsa, OK 74119.

6. The Bar Association has waived the imposition of costs and the respondent asks that any costs incurred be waived in this proceeding. However, the respondent requests that the costs of $1009.89 ordered to be paid in the prior case of *State ex rel. Oklahoma Bar Association v. Strickland,* 2011 OK 54, 256 P.3d 76 be extended by 120 days from the date this order is filed due to financial hardship. The Bar Association did not object to this request, so it is hereby granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Gray M. Strickland's resignation pending discipline be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gray M. Strickland's name be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. Supp. 2008, Ch. 1, App. 1–A, the respondent shall notify all of his clients, if any, having legal business pending with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Bar Association has waived the imposition of costs in this proceeding. However Respondent still owes $1009.89 in costs imposed in *State ex rel. Oklahoma Bar Association v. Strickland,* 2011 OK 54, 256 P.3d 76 which shall be paid no later than 120 days from the date this order is filed. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent, shall be a condition of reinstatement as well as repayment of the $1009.89 previously owed.

ALL JUSTICES CONCUR.