2005 OK 3

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Larry Dean WAGENER, Respondent.**

No. SCBD # 4797.

Supreme Court of Oklahoma.

Jan. 18, 2005.

Loraine Dillinder Farabow, Oklahoma City, OK, for Oklahoma Bar Association.

James A. Beckert, Tulsa, OK, for Respondent.

COLBERT, J.

¶ 1 This is a Rule 6 bar disciplinary proceeding against Respondent, Larry Dean Wagener. A panel of the Professional Responsibility Tribunal (PRT) has recommended that Respondent be publicly censured. *De novo* review impels this Court to reject that recommendation. Respondent is suspended for six months and assessed the costs of this proceeding.

¶ 2 The single count allegation of professional misconduct concerns Respondent's representation of Darel John Barnett in 1997 and 1998. The stipulated facts reveal that Respondent represented Barnett in his trial

on charges of rape and lewd molestation after former conviction. The victim was a minor child. After Barnett was convicted in 1997, Respondent was retained to represent him on appeal. Respondent paid the court reporter to prepare the transcripts but he never picked them up. Although he filed a Notice of Intent to Appeal and a Designation of Record, Respondent failed to file a Petition in Error, a prerequisite for appellate jurisdiction.

¶ 3 Respondent did not tell Barnett that he had failed to file the Petition in Error and that the deadline had passed for its filing. Instead, he advised Barnett that he was waiting to get transcripts from the court reporter and to "hang in there as things go slowly here." The appeal was dismissed for lack of a Petition in Error. Respondent failed to inform Barnett of the dismissal and ended all communication with him.

¶ 4 In April, 2001, Barnett filed a *pro se* request for his trial transcript still unaware that his appeal had been dismissed. By that summer, Barnett had learned through his own research that his appeal had been dismissed. By Fall, Barnett's new lawyers had told him his appeal was dismissed because Respondent failed to file a Petition in Error. On October 2, 2002, the Office of General Counsel received a letter which stated that Barnett had filed a civil lawsuit alleging that Respondent had committed legal malpractice in handling his appeal.

¶ 5 Two days later, on October 4, 2002, the Professional Responsibility Commission (PRC) issued a private reprimand to Respondent for practicing law while under suspension. Respondent was reprimanded because he failed to notify the district court, the district attorney, and a client of his suspension. Further, he used a business card, letterhead, and envelope which listed him by the title "Attorney at Law" while he was under suspension. Since that time, judgment was rendered against Respondent in the malpractice action, the Court of Criminal Appeals has allowed Barnett to file a Petition in Error, this disciplinary proceeding was brought, and the PRT has recommended public censure based on the stipulated facts presented by the parties.

¶ 6 Respondent has stipulated that his conduct regarding Barnett's appeal violated Rule 1.1 (competence), Rule 1.3 (diligence), Rule 1.4 (communication with client), and Rule 8.4 (violating Rule of Professional Conduct). *See* Oklahoma Rules of Professional Conduct, Okla. Stat. tit. 5, ch.1, app. 3–A (2001). After reviewing the proceedings *de novo,* this Court concludes the allegations of misconduct have been proven by clear and convincing evidence. Only the question of the proper disciplinary sanction to be imposed remains.

## DISCIPLINARY SANCTION

¶ 7 The determination of the discipline to be imposed in this matter is complicated by two facts. First, Respondent's misconduct concerning Barnett's appeal occurred within the same time frame as the misconduct for which a sixty day suspension was imposed by this Court. That suspension was imposed and served before the subject misconduct was reported. Second, the record is silent as to why the PRC proceeded with its private reprimand while this new allegation of misconduct was pending with the General Counsel's office.

¶ 8 Respondent was suspended for sixty days in *State ex rel. Oklahoma Bar Ass'n v. Wagener,* 2002 OK 4, 48 P.3d 771 (*Wagener I* ). The suspension was for failing to adequately communicate with his client, failing to provide his client with information that would allow him to protect his own interest, failing to surrender papers and property belonging to the client, and failing to adequately respond to the Oklahoma Bar Association. That misconduct occurred between May, 1995, and July, 1999. This proceeding presents, in essence, another instance of client neglect. It occurred in the same time frame as the client neglect for which Respondent was suspended.

¶ 9 This Court has explained the need to "consolid[ate] time-related offenses ... to avoid the waste of judicial resources, to provide a clear picture of respondent's problems and shortcomings, and to ensure that the appropriate discipline is imposed."

*State ex rel. Oklahoma Bar Ass'n v. Wolfe,* 1997 OK 47, 937 P.2d 988, 989. When that has not been possible, due to the late receipt of a second or subsequent grievance by the General Counsel's office, the lawyer has not been considered a repeat offender. *See State ex rel. Oklahoma Bar Ass'n v. Taylor,* 2003 OK 56, 71 P.3d 18, 26. Instead, the two proceedings have been considered in conjunction to ensure that the proper discipline is imposed. *See id.* In doing so, this Court acknowledges that in disciplinary matters "[t]his Court's primary function is to protect the public and determine an attorney's continued fitness to practice law, not to punish." *State ex rel. Oklahoma Bar Ass'n v.Southern,* 2000 OK 88, 15 P.3d 1, 7 (citations omitted). Thus, discipline's intent is deterrence to the subject lawyer and to the bar as a whole. *Id. See also Taylor,* 71 P.3d at 29.

¶ 10 This matter is distinguishable, however. Here, Respondent engaged in and was reprimanded by the PRC for practicing law during his suspension. The allegations of unauthorized practice of law were pending before the PRC at the time the General Counsel's office received the allegations which led to this complaint. Ideally, the PRC should have withheld its private reprimand so that the allegations of practicing law while under suspension could have been combined with the allegations in this Rule 6 complaint. The reasons for the failure to combine pending allegations are not addressed by the trial panel, the Bar Association or Respondent. The Bar Association is again reminded of the need to consolidate, to the extent possible, time-related offenses. The question becomes whether Respondent's unauthorized practice of law will result in enhancement of the discipline recommended by the trial panel, public censure.

¶ 11 This Court disagrees with the parties' assertion that had this "grievance been received so that it could have been consolidated with the disciplinary proceedings in *Wagener I,* this Court may have determined that a sixty day suspension would have been sufficient discipline for all of Respondent's misconduct occurring within [the] identified time span." This instance of client neglect jeopardized a client's right to appeal his criminal conviction. It was followed by Respondent's wilful concealment of his failure to act on the client's behalf. In addition, Respondent's conduct during his suspension indicates that he did not learn from the discipline imposed.

¶ 12 Under rule 9.1 of the Rules Governing Disciplinary proceedings, Okla. Stat. tit. 5, ch.1, app. 1–A (2001), a suspended lawyer is required to notify all clients with matters pending of the lawyer's inability to represent them and to formally withdraw as counsel in all pending cases. Respondent's failure to comply with the Rule resulted in a grievance from a trial judge who had attempted to hold a preliminary hearing. The district attorney, witnesses, defendant, and Respondent's client were all present in the courtroom. The client, however, was unrepresented because Respondent had failed to inform him or the court of the suspension and to withdraw from representation. The matter had to be continued, causing delay and potentially impacting the client's right to a speedy trial.

¶ 13 This violation of Rule 9.1 and the instances of unauthorized practice of law described in the private reprimand resulted from Respondent's admitted failure to read the Rules concerning lawyer suspension. That failure demonstrates a continued pattern of client neglect and disregard for those whom his suspension affected.

¶ 14 It is apparent that Respondent's pattern of irresponsible behavior continued after this Court's imposition of a sixty-day suspension. Clearly, a stronger message in the form of a more severe disciplinary sanction is required. Respondent is suspended from the practice of law for six months. He is directed to pay the costs of this proceeding in the amount of $486.95 within ninety days of the effective date of this opinion.

SIX MONTH SUSPENSION IMPOSED; COSTS ASSESSED.

ALL JUSTICES CONCUR.