2005 OK 80

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Larry Dean WAGENER, Respondent.**

**SCBD No. 5080.**

Supreme Court of Oklahoma.

Nov. 1, 2005.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Larry Dean Wagener pending disciplinary proceedings, this Court finds:

1. On October 4, 2005, Wagener submitted his amended affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Wagener's amended affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation.

3. Wagener states the following in his amended affidavit of resignation:

   I am aware that there is a Formal Complaint against me pending before the Supreme Court of the State of Oklahoma, *State of Oklahoma ex rel. Oklahoma Bar Association v. Larry Dean Wagener,* OBAD# 1663, SCBD# 5080. I acknowledge that this Complaint was filed on June 24, 2005, and that I was personally served with a copy of the Complaint. Further, I acknowledge that I have not filed a response to the

---

complaint as required by Rule 6.4, Rules Governing Disciplinary Proceedings(RGDP), [Okla. Stat. tit.5, ch.1, app. 1–A (2001)]. Therefore, the allegations in the Complaint shall be deemed admitted in compliance with this Rule. A copy of the Formal Complaint is attached to this affidavit.

I am aware that the following grievances have been lodged and are pending with the Office of the General Counsel and that investigations are proceeding with regard to these matters:

(a) DC 05–150 This grievance was lodged with the Office of the General Counsel, Oklahoma Bar Association, on May 19, 2005. The complaint in this grievance has alleged that I was paid a retainer of $3,500.00 to represent him before the United States Immigration and Naturalization Service, and that while I filed an entry of appearance by letter dated July 22, 2003, I failed to represent him in the matter for which I was hired. The Oklahoma Bar Association alleges that I violated Rule 5.2 RGDP, in that I have not filed a timely response to this grievance.

(b) DC 05–248 This grievance was lodged with the Office of the General Counsel, Oklahoma Bar Association, on August 9, 2005. It is alleged that I was retained for a fee [of] $3,500.00, $2,000 of which was paid to represent the complainant's son in two criminal matters pending in the District Court of Rogers County. It is alleged that I failed to represent my client, that I did not notify him of my suspension in SCBD 4797, and that I did not withdraw from one of the criminal cases.

4. Wagener is aware that the allegations set forth, if proven, would constitute violations of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2001), and his oath as an attorney. He waives any and all right to contest the allegations.

5. Wagener's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch.1, app. 1–A (2001), and it should be approved.

6. Wagener acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 RGDP, and he will make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Wagener acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Wagener agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund Claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. Wagener acknowledges that the Oklahoma Bar Association has incurred costs of $154.42 in the investigation of this matter. Those costs remain payable and shall be remitted prior to any application for reinstatement of his license to practice law. Wagener further acknowledges that on January 18, 2005, he was ordered by this Court to pay costs of $486.95 with regard to SCBD# 4797, *State ex rel. Oklahoma Bar Association v. Wagener,* 2005 OK 3, 107 P.3d 567, and that those costs remain unpaid. Those costs shall be remitted prior to any application for reinstatement of his license to practice law.

9. The official roster address of Wagener as shown by Bar Association records is Larry Dean Wagener,13402 S. Memorial Dr., Bixby, OK 74008. However, his last known address is 13211 E. 182nd Place, Bixby, OK 74008.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Larry Dean Wagener be stricken from the

roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Wagener may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Wagener shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 31st day of October, 2005.

ALL JUSTICES CONCUR.