STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KOSS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KOSS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KOSS
2019 OK 70
Case Number: SCBD-6752
Decided: 10/29/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 70, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
THEODORE KOSS, JR., Respondent.



BAR DISCIPLINARY PROCEEDING



¶0 The Oklahoma Bar Association commenced disciplinary proceedings against Theodore Koss, Jr. The Professional Responsibility Tribunal found by clear and convincing evidence that Koss committed professional misconduct in failing to give competent representation, failing to communicate with his client, and mishandling settlement funds belonging to his client. The Tribunal also considered Koss's disciplinary history and recommended this Court suspend Koss from the practice of law for two years and one day.



Tracy Pierce Nester, Assistant General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.



Theodore Koss, Jr., pro se.



THE RESPONDENT IS SUSPENDED FOR TWO YEARS AND ONE DAY AND ORDERED TO PAY COSTS.




Winchester, J. 


¶1 After an investigation into a client's grievance, Complainant Oklahoma Bar Association (OBA) filed its complaint against Respondent Theodore Koss, Jr. pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings.[1] The Professional Responsibility Tribunal (Trial Panel) heard this disciplinary matter and found Koss violated the Oklahoma Rules of Professional Conduct (ORPC)[2] and the Rules Governing Disciplinary Proceedings (RGDP) in failing to give competent representation, failing to communicate with his client, and mishandling settlement funds belonging to his client. The Trial Panel considered Koss's disciplinary history and recommended this Court suspend Koss from the practice of law for two years and one day.

I. FACTS

Fredy Escobar Grievance

¶2 In 1985, Koss received his license to practice law in Oklahoma. In 2016, Fredy Escobar hired Koss to represent him in a pending workers' compensation matter. Escobar sustained a tibial pilon fracture to his left ankle, while in the course of his employment with Cesar Garcia d/b/a Garcia's Construction. The workers' compensation case settled for $9,000. At some point during the pendency of the case, Escobar was incarcerated at the Great Plains Correctional Facility in Hinton, Oklahoma. Koss visited Escobar in the correctional facility to discuss the settlement. Escobar spoke Spanish, and Koss utilized Cesar Garcia--Escobar's employer and adverse party in the workers' compensation case--as a translator during this meeting.

¶3 Koss testified in front of the Trial Panel that during this meeting, Garcia told him that Escobar agreed to the following division of settlement funds: $1,800 to Koss, which was 20% of the settlement as approved by the workers' compensation court; $200 to Koss for travel expenses; $3,000 to Garcia for the repayment of a loan; and the remaining $4,000 to Escobar. Koss further testified that the agreement regarding the division of the settlement funds was in writing and signed by Escobar. However, Koss could not locate the signed document reflecting this agreement during the OBA's investigation.

¶4 Escobar testified and denied he had an outstanding loan with Garcia. Escobar also denied that he agreed to pay $3,000 to Garcia. Instead, Escobar testified that during the meeting, he agreed to pay $300 to Garcia for translating and travel expenses and to pay $2,000 to Koss. It was his understanding that Koss was to pay him the remaining settlement funds of $6,700. Escobar further testified he never signed a written document regarding the division of the settlement funds.

¶5 Shortly after the meeting at the correctional facility, Koss sent Garcia to retrieve the $9,000 settlement check--payable to Koss and Escobar--from the insurance carrier. Koss directed Garcia to obtain the endorsement of Escobar on the settlement check. Garcia visited Escobar at the correctional facility, obtained Escobar's signature on the settlement check, and returned the settlement check to Koss. Koss deposited the check into his trust account and issued three checks: (1) a check in the amount of $4,000, made payable to Escobar; (2) a check in the amount of $3,000, made payable to Garcia; and (3) a check in the amount of $2,000, made payable to Koss.

¶6 Koss mailed the check in the amount of $4,000 to Escobar at the correctional facility. However, the correctional facility returned the settlement check to Koss, marked undeliverable. Koss did not communicate with Escobar after the correctional facility returned the check, despite receiving inquiries from Escobar as to the status of the settlement funds. Koss also did not inquire with the correctional facility as to why the settlement check was undeliverable or how to properly transmit the settlement funds to Escobar. Instead, Koss gave Escobar's settlement check to Garcia. Escobar never received any portion of the settlement funds. Escobar testified he never authorized Garcia to accept settlement funds on his behalf. Garcia did not cooperate with the OBA during its investigation.

Enhancement

¶7 The Professional Responsibility Commission previously disciplined Koss for misconduct on two occasions. On January 23, 1998, the Commission privately reprimanded Koss for failing to timely refile a personal injury suit after the case had previously been filed and dismissed. On September 28, 2007, the Commission again privately reprimanded Koss for defaulting on an application to assess costs and fees against his client in a post-divorce child support matter. A district court entered a default order against Koss's client, and Koss failed to notify his client of the adverse judgment.

Allegations Deemed Admitted

¶8 Escobar filed a grievance against Koss, and the OBA began an investigation. Koss delayed responding to the grievance and meeting with the OBA to discuss the grievance. Koss also failed to produce documents requested by the OBA. Due to his lack of cooperation during the investigation, the OBA subpoenaed Koss for deposition. Koss again failed to produce all the requested documents at his deposition. On January 15, 2019, the OBA filed a Complaint against Koss setting forth one count of professional misconduct and one count of enhancement due to Koss's disciplinary history. On January 23, 2019, the OBA filed an Amended Complaint, which corrected Koss's official roster address.

¶9 The OBA submitted evidence that it properly served Koss with notice of the Amended Complaint. Koss did not file an answer to the Amended Complaint, and on March 5, 2019, the OBA filed a Motion to Deem Allegations Admitted pursuant to RGDP Rule 6. Koss did not respond to the motion. At the hearing in front of the Trial Panel, Koss did not object to the motion, and the allegations contained in the Amended Complaint were deemed admitted. The Trial Panel proceeded to hear evidence to determine only the discipline to impose on Koss.

¶10 During the hearing, Koss admitted he lacked judgment in not delivering the settlement check himself or determining the procedures at the correctional institution for transmitting the settlement funds to Escobar. The Trial Panel found Koss committed professional misconduct in violation of ORPC Rules 1.1,[3] 1.3,[4] 1.4,[5] 1.15,[6] and 8.4,[7] as well as a violation of RGDP Rule 1.3.[8]

¶11 Regarding discipline enhancement, the Trial Panel found Koss had a disciplinary history as the Commission privately reprimanded him on two occasions. The Trial Panel recommended this Court suspend Koss from the practice of law for two years and one day. Koss did not file a brief with this Court.

II. STANDARD OF REVIEW

¶12 In disciplinary proceedings, this Court acts as a licensing court in the exercise of our exclusive jurisdiction. State ex rel. Okla. Bar Ass'n v. Garrett, 2005 OK 91, ¶ 3, 127 P.3d 600, 602. Our review of the evidence is de novo in determining if the OBA proved its allegations of misconduct by clear and convincing evidence. The Trial Panel's recommendations are neither binding nor persuasive. State ex rel. Okla. Bar Ass'n v. Anderson, 2005 OK 9, ¶ 15, 109 P.3d 326, 330. This Court's responsibility is not to punish an attorney, but to assess the continued fitness to practice law, and to safeguard the interests of the public, the courts, and the legal profession. State ex rel. Okla. Bar Ass'n v. Wilburn, 2006 OK 50, ¶ 3, 142 P.3d 420, 422.

III. DISCUSSION

¶13 The OBA charged Koss with improperly managing his client's settlement funds in violation of ORPC Rule 1.15--which requires attorneys who are entrusted with the property of clients to hold the property with the care required of a "professional fiduciary." This Court employs three different culpability standards in evaluating the mishandling of funds: (1) commingling,[9] (2) simple conversion,[10] and (3) misappropriation, i.e., "theft by conversion or otherwise."[11] The degree of culpability ascends from the first to the last. State ex rel. Okla. Bar Ass'n v. Combs, 2007 OK 65, ¶ 13, 175 P.3d 340, 346.

¶14 The OBA and the Trial Panel view Koss's conduct as rising to simple conversion. We agree. An attorney must promptly deliver to his client any funds that his client is entitled to receive. See ORPC Rule 1.15(d). Conversion occurs when an attorney applies money to a purpose other than the purpose for which the client entrusted the funds to the attorney. State ex rel. Okla. Bar Ass'n v. Miskovsky, 1990 OK 12, ¶ 13, 804 P.2d 434, 438. Intent is not necessary to prove conversion. State ex rel. Okla. Bar Ass'n v. Helton, 2017 OK 31, ¶ 30, 394 P.3d 227, 238.

¶15 The record establishes (a) Koss received a $9,000 settlement check payable to Escobar and himself; (b) Koss paid $3,000 of the settlement funds to Garcia, which was $2,700 more than what Escobar authorized to pay to Garcia; (c) Koss attempted to send $4,000 of the settlement funds to Escobar at the correctional facility, but the correctional facility returned the funds, marked undeliverable; (d) Koss failed to notify Escobar that the funds were returned or to promptly deliver the funds to Escobar at the correctional facility; (e) Koss gave Escobar's settlement check to Garcia; and (f) Koss failed to pay Escobar the settlement funds owed to him. Accordingly, we find that the record establishes by the requisite clear and convincing evidence standard that Koss converted funds owed to Escobar and violated ORPC Rules 1.15(a) and (d) and 8.4(a). Koss's actions are grounds for discipline under RGDP Rule 1.3.

¶16 The OBA charged Koss with other offenses under Count I, namely: (1) failing to give competent representation, (2) failing to act diligently on a matter, and (3) failing to communicate with his client. Koss failed to give competent representation or act diligently in utilizing Garcia--Escobar's employer and adverse party in the workers' compensation case--as a translator and relied upon Garcia to accurately translate communication between Koss and Escobar regarding the division of settlement funds. Koss also entrusted Escobar's settlement funds to Garcia instead of delivering the settlement funds to Escobar himself. Koss never contacted Escobar after the correctional facility returned the settlement check or before he gave the settlement check to Garcia. Koss failed to adequately communicate with Escobar regarding the status of the settlement or obtain permission from Escobar to give the settlement funds to Garcia.

¶17 Professional competence--acting competently and diligently on a matter and communicating with a client--is a mandatory obligation imposed upon attorneys. State ex rel. Okla. Bar Ass'n v. Johnston, 1993 OK 91, ¶ 28, 863 P.2d 1136, 1145. Koss's failure to maintain these standards through neglectful behavior violates ORPC Rules 1.1, 1.3, and 1.4 and warrants imposition of discipline.

IV. DISCIPLINE

¶18 While we found no previous disciplinary case of this Court that precisely mirrors the situation here, we look to other examples as a baseline. This Court commonly suspends attorneys for simple conversion of client funds, with the length dependent on the surrounding circumstances and degree of harm to the client.

¶19 In State ex rel. Oklahoma Bar Association v. Mansfield, 2015 OK 22, ¶ 48, 350 P.3d 108, 123, this Court suspended an attorney for eighteen months for commingling funds and committing simple conversion in violation of ORPC Rule 1.15, when he overpaid himself fees and promptly used the money for personal expenses. This Court imposed the penalty in part because the attorney attempted to cover up his actions. Id. Although Mansfield involved a suspension for conversion, it is distinguishable from this case in that Koss failed to safeguard client funds and has a prior disciplinary history. See Mansfield, 2015 OK 22, ¶ 41, 350 P.3d at 122. In comparison, this Court in State ex rel. Oklahoma Bar Association v. Brown, 1998 OK 123, ¶ 20, 990 P.2d 840, 845, suspended an attorney with a prior disciplinary history for two years and one day for forging an endorsement on a settlement check and failing to satisfy a lien on the check in violation of ORPC Rule 1.15.

¶20 In addition to the unprofessional conduct in mishandling the settlement funds, the record shows Koss's incompetent representation and lack of diligence in hiring an adverse party in the workers' compensation case to act as a translator and the client-communication lapses in the disbursement of settlement funds belonging to Escobar. The record also shows Koss's failure to fully cooperate in his disciplinary investigation or to file any brief before this Court. As another example of comparable misconduct, in State ex rel. Oklahoma Bar Association v. Whitebook, 2010 OK 72, 242 P.3d 517, this Court suspended an attorney for two years and one day and ordered him to pay costs for his failure to provide competent representation or act diligently, to keep his clients reasonably informed, and to promptly comply with requests for information. Id. ¶ 17, 242 P.3d at 521. The attorney also did not cooperate in the disciplinary proceedings before the trial panel. Id. ¶¶ 10-11, 242 P.3d at 520.

¶21 In the present matter, as in Brown and Whitebook, the totality of the misconduct shown by this record along with a prior disciplinary history warrants suspension for two years and a day and the payment of costs.

V. MITIGATION 

¶22 This Court may consider mitigating circumstances in evaluating both the attorney's conduct and assessing the appropriate discipline. State ex rel. Okla. Bar Ass'n v. Mayes, 2003 OK 23, ¶ 26, 66 P.3d 398, 408. Other than Koss's recognition that he was negligent in his dealings with Escobar, there are no mitigating circumstances to evaluate. Koss did not make any attempt to reimburse Escobar for the financial loss, but instead, suggested the District Attorney should pursue criminal charges against Garcia, to whom Koss entrusted the settlement check.

VI. CONCLUSION

¶23 The OBA established by clear and convincing evidence that Koss violated ORPC Rules 1.1, 1.3, 1.4, 1.15(a) and (d), and 8.4(a), and RGDP Rule 1.3. This Court suspends Koss from the practice of law for two years and one day. The OBA filed an application to assess the costs of the disciplinary proceedings in the amount of $2,149.56. Koss did not file an objection to this application. These costs include investigation expenses and costs associated with the record, and each is permissible. See RGDP Rule 6.16. This Court orders Koss to pay costs in the amount of $2,149.56 within ninety days of the effective date of this opinion.

THE RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR 
TWO YEARS AND ONE DAY AND ORDERED TO PAY COSTS.


Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert and Kane, JJ., concur.


Combs, J., dissents;




Combs, J., dissenting


I would disbar. 




FOOTNOTES


[1] Rule 6, Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.



[2] Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch. 1, app. 3-A.



[3] ORPC 1.1 provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.



[4] ORPC 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."



[5] ORPC 1.4 provides in pertinent part:

(a) A lawyer shall:


(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.




[6] ORPC 1.15 provides in pertinent part:


(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.


. . . .



(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.





[7] ORPC 8.4 provides in pertinent part:

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;



[8] RGDP 1.3 provides:

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.



[9] "Commingling takes place when client monies are combined with the attorney's personal funds." State ex rel. Okla. Bar Ass'n v. Farrant, 1994 OK 13, ¶ 8, 867 P.2d 1279, 1284.



[10] "[S]imple conversion occurs when an attorney applies a client's money to a purpose other than that for which it came to be entrusted to the lawyer." State ex rel. Okla. Bar Ass'n v. Combs, 2007 OK 65, ¶ 15, 175 P.3d 340, 346.



[11] Misappropriation occurs when an attorney has purposely deprived a client of money through deceit and fraud. Id. ¶ 16, 175 P.3d at 346.




 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 12, 804 P.2d 434, 61 OBJ 2901, State ex rel. Oklahoma Bar Ass'n v. Miskovsky
Discussed
 1993 OK 91, 863 P.2d 1136, 64 OBJ 2082, State ex rel. Oklahoma Bar Ass'n v. Johnston
Discussed
 1994 OK 13, 867 P.2d 1279, 65 OBJ 459, State ex rel. Oklahoma Bar Assn. v. Farrant
Discussed
 2003 OK 23, 66 P.3d 398, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MAYES
Discussed
 2005 OK 9, 109 P.3d 326, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ANDERSON
Discussed
 2005 OK 91, 127 P.3d 600, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GARRETT
Discussed
 2006 OK 50, 142 P.3d 420, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILBURN
Discussed
 2007 OK 65, 175 P.3d 340, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COMBS
Discussed at Length
 2010 OK 72, 242 P.3d 517, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WHITEBOOK
Discussed
 2015 OK 22, 350 P.3d 108, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MANSFIELD
Discussed at Length
 2017 OK 31, 394 P.3d 227, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HELTON
Discussed
 1998 OK 123, 990 P.2d 840, 69 OBJ 4214, State ex rel. Oklahoma Bar Association v. Brown
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA